IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAN FERNANDO R.V., | Civil No. 1:26-cv-03234-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| WARDEN OF THE MESA VERDE ICE DETENTION FACILITY, *et al.*, | A# 240-214-939 |
| Respondents. | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Adan Fernando R.V.[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2241.  On January 27, 2022, he crossed the United States' southern border near Eagle Pass, Texas, and was apprehended, detained, and processed by immigration officials that same day.  At the time, officials made the decision to place Petitioner into expedited removal proceedings and to remand him "to the custody of ICE/ERO."  Dkt. No. 6, at pg. 12.  And pursuant to 8 U.S.C. § 1225(b)(1), those immigration officials would have been required to detain Petitioner as an "arriving alien" pending his removal or the adjudication of any fear-based claims.

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

But for reasons the record does not make clear, that did not happen.  Instead, at some point after January 2022, Petitioner must have been released by immigration officials, because on November 15, 2025, he was "arrested for a traffic violation" by local police in Florida.  *Id.* at pgs. 2, 18; *see also* Dkt. No. 1, at pg. 5.  After "encounter[ing]" Petitioner at the local jail following his arrest, immigration officials placed a hold on Petitioner and took him into custody on January 9, 2026.  *Id.* at pg. 18; Dkt. No. 1, at pg. 5.  He has remained in custody ever since.  So Petitioner invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights.

Respondents contend that because Petitioner was initially placed in expedited removal proceedings and detained under § 1225(b)(1), he remains an "arriving alien" subject to mandatory detention under that provision of the Immigration and Nationality Act (INA).  But the record compels a different conclusion:  that Petitioner was withdrawn from expedited removal proceedings and eventually released by immigration officials.  The government concedes the former point, acknowledging that Petitioner was "transferred from expedited removal to full removal proceedings after establishing a credible fear of persecution or torture."  Dkt. No. 6, at pg. 7.  But neither

2

its briefing nor its supplementary documentation sheds any light on the circumstances

of Petitioner's apparent release.[2]

For a noncitizen detainee to be released from ICE custody, an immigration officer

must find that "'such release would not pose a danger to property or persons' and that

the noncitizen is 'likely to appear for any future proceeding.'" *Pinchi v. Noem*, 792 F.

Supp. 3d 1025, 1034 (N.D. Cal. 2025) (quoting 8 C.F.R. § 1236.1(c)(8)).  "Release therefore

reflects a determination by the government that the noncitizen is not a danger to the

community or a flight risk."  *Id.* (cleaned up).  Accordingly, Petitioner's release would

have been conditioned on these same findings.  And the record reveals no reason to

think otherwise today.  To this day, Petitioner has no criminal history; his only

encounter with law enforcement appears to be the "Nonmoving Traffic Violation" for

which he was arrested in November 2025.  Nor is there any final order of removal

against him.  And just as the government gave him no prior opportunity to forestall his

---

[2]     The government appears to suggest that Petitioner is subject to mandatory
detention under 8 U.S.C. § 1225(b)(1)(B)(ii) because after being placed into expedited
removal proceedings, Petitioner "establish[ed] a credible fear of persecution or torture,"
Dkt. No. 6, at pg. 7, after DHS' negative credible fear determination was vacated by an
Immigration Judge (IJ), *id.* at pg. 2.  It is true that that provision of the INA mandates
detention for the pendency of an asylum application filed by an "arriving alien" not
admitted or paroled.  But the record does not support the government's contention that
Petitioner was an "arriving alien" when the IJ vacated the negative fear determination
in March 2026, *see id.* at pgs. 14-15, over four years after Petitioner's original detention
under § 1225(b)(1) and well after his release and subsequent re-detention, for the
reasons explained in the decisions cited in this order.  *See also Amaya-Quinteros v.
Corecivic, Inc*, No. 1:25-cv-1672, 2025 WL 3687642, at *6-10 (E.D. Cal. Dec. 19, 2025).

arrest and detention, it has given him no procedural opportunity to challenge his detention now that he is in custody.  So Petitioner invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights.

Many district judges, both in this district and others, have granted petitions just like this one.  *See, e.g.*, *Rafael R.M. v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-00902, 2026 WL 730999 (E.D. Cal. Mar. 16, 2026), *report and recommendation adopted*, 2026 WL 812750 (E.D. Cal. Mar. 24, 2026); *Awa v. Noem*, No. 2:26-cv-00922, 2026 WL 943593 (W.D. Wash. Apr. 8, 2026); *Aviles-Mena v. Kaiser*, No. 25-cv-06783, 2025 WL 2578215 (N.D. Cal. Sept. 5, 2025).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  The only question in this case, therefore, is whether there is any material distinction from those prior decisions.

The court thanks Respondents for their timely and candid acknowledgment that "[t]his case is not substantially distinguishable from those cases in which district judges within this district have granted relief."  Dkt. No. 6, at pg. 1.  Although they maintain their position that Petitioner's arrest and detention was constitutional, the court is not persuaded by their argument that § 1225(b)(1) governs and mandates the detention of a noncitizen—like Petitioner here—who is initially detained and processed for expedited removal under that section, but who is later released and only re-detained after residing

4

in the country for some time.  The cases cited above persuasively explain why

Respondents' argument is incorrect.

Given the lack of any factual or legal issues in this case that would distinguish it

from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED

that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED, for the reasons

stated in those prior orders.  Respondents are ORDERED to immediately release

Petitioner Adan Fernando R.V. (A# 240-214-939) from their custody.  Respondents shall

not impose any additional restrictions on Petitioner, unless that is determined to be

necessary at a future pre-deprivation/custody hearing.  Respondents are permanently

ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent

compliance with constitutional protections, which include, at a minimum, pre-

deprivation notice describing the change of circumstances necessitating Petitioner's

arrest and detention, and a timely hearing.  At any such hearing, the government shall

bear the burden of establishing, by clear and convincing evidence, that Petitioner poses

a danger to the community or a risk of flight, and Petitioner shall be allowed to have

their counsel present.  This order does not address the circumstances in which

Respondents may detain Petitioner in the event Petitioner becomes subject to an

executable final order of removal, or in the event exigent or urgent circumstances arise

that justify arresting and detaining Petitioner before pre-deprivation process can be

provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for

Petitioner. This order resolves all pending motions.

IT IS SO ORDERED.

DATED: May 20, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-03234-MWJS; *Adan Fernando R.V. v. Warden of the Mesa Verde ICE Detention Facility*, et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS